IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLAN [CONLON], | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:13-cv-01896-P |
| | § | |
| JACOB JOSEPH LEW, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS' OPPOSITON TO PLAINTIFF'S MOTION FOR
CRIMINAL COMPLAINT AUTHORIZATION (DE 19)**

Plaintiff, Robert Allan Conlon, has filed a motion requesting authorization to file a criminal complaint against Defendants' attorney for filing a fraudulent amended return of service (DE 19). The Defendants oppose the motion. In opposition, the Defendants show:

1. Plaintiff filed a return of service, signed by a process service, claiming service on Defendant, Treasury Secretary Jacob Joseph Lew (DE 8) by leaving a copy of the complaint and process with a mail clerk at the Treasury Department. The original return of service did not state whether service was against Lew in his official or individual capacity.[1] The Defendants' attorney contacted the process service to clarify whether the mail clerk had accepted service for Secretary Lew in his individual capacity. The process server's amended affidavit make clear that the mail room clerk, who accepted service for Secretary Lew, was authorized to accept service for Secretary Lew in his official capacity but not in his individual capacity. The amended affidavit of service was attached as Government Exhibit 1, Motion to

---

[1] The original return of service, Docket Entry 8, stated "That I served upon Aaron Wedge, Mail Room Clerk, who acknowledged that he is authorized to accept on behalf of JACOB JOSEPH LEW… on 5/29/2013 … by leaving with Aaron Wedge, Mail Room Clerk, who acknowledged that he is authorized to accept on behalf of JACOB JOSEPH LEW a copy of the following…"

Dismiss, DE 17, to rebut the mistaken impression that Secretary Lew had been served in his individual capacity.

2. Clarifying the type of service is not fraud.  The original filed affidavit was not clear (DE 8).  The fact that the process server's investigation was brought on by an email from the Defendants' attorney does not show fraud.  It reflects the efforts of both the attorney and the process server to clarify the facts.

3. Regardless, Plaintiff cannot file a criminal complaint.  Criminal statutes cannot be enforced by either civil action or by private parties.  *Hassel v United States*, 203 F.R.D. 241 (N.D.Tex.,1999); *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir.1964); *See United States v. Claflin*, 97 U.S. 546, 24 L.Ed. 1082 (1878).  Because a private person cannot initiate a criminal prosecution in his own name in a civil proceeding, the Court is without jurisdiction over Plaintiff's criminal fraud allegation.[2]

Defendant's Motion for Criminal Complaint Authorization (DE 19) should be Denied.

.

/s/ Joseph A. Pitzinger
JOSEPH A. PITZINGER
State Bar No. 16055800
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9728
(214) 880-9741 (FAX)
Joseph.A.Pitzinger@USDOJ.gov

SARAH R. SALDAÑA
United States Attorney

ATTORNEYS FOR THE UNITED STATES

---

[2] As pointed out in the Defendants' Motion to Dismiss (DE 17) if Plaintiff is actually suing Secretary Lew in his individual capacity, he must serve Secretary Lew individually, the United States Attorney for the Northern District of Texas and the Attorney General.  He has done none of the above.  DE 17, page 9.

## CERTIFICATE OF SERVICE

I, Joseph A. Pitzinger, certify that on January 9, 2014, I filed the Defendants' Opposition to Plaintiff's Motion for Criminal Complaint Authorization (DE 19) using the ECF system, which will send notification of the filing to all counsel of record.  I also certify I sent a copy to the following by First Class Mail:

Robert Allan Conlon        and    Robert Allan Conlon
P. O. Box 211104                  3425 Scenic Hills Drive
Bedford, Texas  76095             Bedford, Texas  76021

David R. Casey
Law Office of David R. Casey
1840 Norwood Plaza, Suite 102
Hurst, Texas  76054-3749

**Counsel for First Bank of Texas**

.

                                          /s/ Joseph A. Pitzinger
                                          JOSEPH A. PITZINGER