Case 3:13-cv-01896-P  Document 25  Filed 07/21/14  Page 1 of 4  PageID 158



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:13-CV-1896-P |
| | § | |
| JACOB JOSEPH LEW | § | |
| | § | |
| Defendant. | § | |

## ORDER

Now before the Court are four motions. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6), filed on December 16, 2013. Doc. 17. Plaintiff filed his Response on March 24, 2014. Doc. 24. On January 3, 2014, Plaintiff filed a Motion for Criminal Complaint Authorization. Doc. 19. Defendant filed a Response on January 9, 2014. Doc. 20. Plaintiff then filed a 2nd Motion for Criminal Complaint Authorization on January 27, 2014, and a 3rd Motion for Criminal Complaint Authorization on February 12, 2014. Docs. 21-22. After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motions for Criminal Complaint Authorization.

### I. Background

This case arises out of a failure to pay federal income taxes. On May 20, 2013, Plaintiff Robert Allan ("Allan") filed this suit, in essence alleging that federal tax liens have been improperly filed against his property. Doc. 3. Defendant Jacob Joseph Lew ("Lew") filed a Motion to Dismiss on December 16, 2013. Doc. 17. Allan then filed several Motions for Criminal Complaint Authorization, accusing Lew's counsel of tampering with a witness and forging the signature or seal of an officer of the court. *See* Docs. 19, 21, 22.

## II. Motions for Criminal Complaint Authorization

Allan claims that, in an attempt to avoid default judgment, Lew's counsel convinced the process server company to fraudulently amend its affidavit of service. *See* Doc. 19 at 1; Doc. 21 at 1; Doc. 22 at 1. Based on this action, Allan requests that a criminal complaint be filed against Lew's counsel. *See* Docs. 19, 21, 22.

Regardless of the veracity of Allan's assertions, this is not the proper forum to initiate a criminal complaint. "Criminal statutes can neither be enforced by civil action nor by private parties." *Nagy v. George*, No. 3:07-CV-368-K, 2007 WL 2122175, at *9 (N.D. Tex. July 23, 2007) (quoting *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (Solis, J.)). To the extent that Allan wishes to pursue a criminal complaint, he is free to take his complaint to the appropriate law enforcement officials. Therefore, the Court DENIES Allan's Motions for Criminal Complaint Authorization.

## III. Motion to Dismiss

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case will be dismissed if a court lacks subject-matter jurisdiction over the suit.[1] The United States is protected from suit under the doctrine of sovereign immunity, unless it unequivocally expresses its desire to waive immunity. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Nordic Village*, 503 U.S. 30, 33 (1992). "This immunity deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006); *see also, e.g., Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature."). Additionally, "[s]uits against federal officers in their official capacity are really suits against the government,

---

[1] While Lew moved to dismiss pursuant to Rule 12(b)(6), because he challenges the Court's subject matter jurisdiction, the dismissal is properly analyzed under Rule 12(b)(1). *See, e.g., Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) ("Except when waived, the United States has sovereign immunity from suit. This immunity deprives federal courts of subject matter jurisdiction." (citation omitted)). Thus, the Court construes Lew's Motion as a motion to dismiss pursuant to 12(b)(1). However, regardless of which Rule is used, the result is the same.

and for these suits to go forward, the government must waive its sovereign immunity." *Smart v. Holder*, 368 Fed. App'x 591, 594 (5th Cir. 2010) (unpublished) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998)). Thus, if a party is entitled to sovereign immunity, a court must dismiss the action for lack of subject matter jurisdiction. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009).

Lew argues that he is being sued in his official capacity as Treasury of Secretary, and, therefore, Allan's suit is really a suit against the United States, which means the suit is barred by sovereign immunity. Doc. 17 at 4-6. While Allan points out that Lew also serves as "an agent of a foreign principal as the US Governor for the International Monetary Fund," Doc. 24 at 1, it is clear on the face of Allan's Complaint that he brought this suit to prevent federal tax liens imposed by the Internal Revenue Service ("IRS"), Doc. 3. Thus, the actions for which Allan sues Lew were taken in his capacity as an official of the United States, not in role as an International Monetary Fund representative. Therefore, unless a waiver of immunity exists, the Court does not have subject matter jurisdiction over the case.

The Administrative Procedure Act ("APA") waives sovereign immunity for actions seeking nonmonetary relief and claiming that "an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. However, the APA does not confer authority to grant relief "if any other statute that grants consent to suit expressly or impliedly forbids the relief sought." *Id.* Lew argues that both the Anti-Injunction Act and the Declaratory Judgment Act prevent the relief that Allan seeks. Doc. 17 at 7.

The Declaratory Judgment Act bars claims where the dispute is over federal taxes. 28 U.S.C. § 2201; *see also, e.g., Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *Taylor v.*

*United States*, 292 Fed. App'x 383, 388 (5th Cir. 2008) (unpublished). Thus, to the extent that Lew seeks declaratory relief, it is unavailable. Additionally, the Anti-Injunction Act provides that, with certain limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The principle purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference and to require that the legal right to the disputed sums be determined in a suit for refund." *Drum v. Calhoun*, No. 3:05-CV-0932-P, 2005 WL 2217504, at *4 (N.D. Tex. Sept. 9, 2005) (Solis, J.) (quoting *Smith v. Rich,* 667 F.2d 1228, 1230 (5th Cir. 1982) (internal quotation marks omitted)). In the end, Allan's Complaint challenges the IRS's authority to issue federal tax liens and, thus, the United States' assessment of income tax. However, other avenues have been provided for bringing such challenges, and Allan "cannot sidestep the appropriate procedures for filing such claims by seeking injunctive or declaratory relief in this Court." *Drum*, 2005 WL 2217504, at *4. Therefore, the Court GRANTS Lew's Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Lew's Motion to Dismiss and DENIES Allan's Motions for Criminal Complaint Authorization. Allan's suit is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Signed this 21st day of July, 2014.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE